28 F.3d 1024
 74 A.F.T.R.2d 94-5189, 94-2 USTC P 50,305
 R.A. HILDEBRAND and Dorothy A. Hildebrand Wahl, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
Gary E. KRAUSE, Tax Matters Partner, Barton Enhanced Oil
Production Income Fund, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 93-9010, 93-9011.
 United States Court of Appeals,
Tenth Circuit.
 June 22, 1994.
 
 Michael R. Matthias (Jeffrey P. Berg and Stuart R. Singer of Matthias & Berg, Los Angeles, CA, with him on the briefs), of Matthias & Berg, Los Angeles, CA, for the petitioners-appellants R.A. Hildebrand and Dorothy A. Hildebrand Wahl.
 Kenneth M. Barish of Reish & Luftman, Los Angeles, CA, for petitioner-appellant Gary E. Krause, Tax Matters Partner, Barton Enhanced Oil Production Income Fund.
 Kenneth W. Rosenberg (Loretta C. Argrett, Asst. Atty. Gen., and Richard Farber, Attorney, Tax Div., Dept. of Justice, Washington, DC, with him on the brief), Atty., Tax Div., Dept. of Justice, Washington, DC, for respondent-appellee.
 Before TACHA and BRORBY, Circuit Judges, and BROWN,* District Judge.
 TACHA, Circuit Judge.
 
 
 1
 The taxpayers in these consolidated cases, R.A. Hildebrand and Dorothy A. Hildebrand Wahl (the "Hildebrands") and Gary E. Krause ("Krause"), tax matters partner of Barton Enhanced Oil Production Income Fund ("Barton Income Fund"), appeal the Tax Court's disallowance under 26 U.S.C. Sec. 183[1] of deductions for losses resulting from investments in limited partnerships and the disallowance of 26 U.S.C. Sec. 163 interest deductions. The taxpayers also appeal the Tax Court's imposition of an increased interest rate on the tax underpayment attributable to tax-motivated transactions under 26 U.S.C. Secs. 6601 and 6621(c). Finally, Barton Income Fund alleges the Tax Court erred in rendering a consolidated opinion grouping Barton with the Hildebrands and in finding that certain license fee obligations incurred by Barton were not deductible under 26 U.S.C. Sec. 174 as research and development expenditures or under 26 U.S.C. Sec. 1253 as franchise fees.
 
 I. BACKGROUND
 
 2
 The facts in this case are fully set forth in the Tax Court opinion, Krause v. Commissioner, 99 T.C. 132, 1992 WL 178601 (1992). We offer only a brief procedural summary for purposes of this appeal.
 
 
 3
 On their federal income tax returns the Hildebrands claimed losses resulting from their investment as limited partners in Technology Oil and Gas Associates 1980 ("Technology-1980"). The Commissioner of the Internal Revenue Service ("Commissioner") disallowed these losses and the Hildebrands petitioned the Tax Court for redetermination of resulting deficiencies in tax and additions to tax. The Commissioner issued Barton Income Fund a notice of final partnership administrative adjustment disallowing losses and amounts claimed as eligible for tax credits. Krause petitioned the Tax Court for redetermination of the adjustments. The Tax Court consolidated these cases for trial treating them as test cases for a number of related cases involving tax deductions by limited partnerships.
 
 
 4
 After a fifteen-week trial the Tax Court issued an opinion upholding substantially all of the Commissioner's determinations. The Tax Court disallowed under 26 U.S.C. Sec. 183 the taxpayers' deductions for losses resulting from investments in the limited partnerships because the partnerships did not have the requisite profit motive and imposed an increased interest rate on tax underpayment attributable to tax-motivated transactions under 26 U.S.C. Secs. 6601 and 6621(c). The Tax Court also disallowed under 26 U.S.C. Sec. 163 interest deductions because the partnerships' underlying debt obligations were not genuine. The taxpayers now appeal.
 
 
 5
 This court has jurisdiction to review the Tax Court's decision pursuant to 26 U.S.C. Sec. 7482(a). We affirm.
 
 II. DISCUSSION
 
 6
 Whether Technology-1980 and Barton Income Fund had actual and honest profit objectives is a question of fact. Cannon v. Commissioner, 949 F.2d 345, 349 (10th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 3030, 120 L.Ed.2d 901 (1992). "The applicable standard of review is a stringent one: a finding of fact should not be disturbed unless it is clearly erroneous." Id. (citing Fed.R.Civ.P. 52(a)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson v. Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). After carefully examining the pertinent parts of the record, we conclude that the Tax Court's finding that no actual and honest profit objective was present in either limited partnership is plausible and not clearly erroneous.
 
 
 7
 The Tax Court applied the proper test in determining whether the activities in question were "engaged in for profit" under 26 U.S.C. Sec. 183(a). All expenses associated with a business transaction are not necessarily deductible. For a deduction to be allowed it must be shown that the activity engaged in was operated with an actual and honest profit objective. 26 U.S.C. Sec. 183. We look to the economic motive of the partnership, not the individual investor, to determine whether the activity is engaged in for profit. Cannon, 949 F.2d at 349.
 
 
 8
 The taxpayer has the burden to prove the requisite profit objective. Id. at 350. "The test is whether profit was the dominant or primary objective of the venture." Id. The regulations set forth nine nonexclusive factors to be examined under Sec. 183 in determining whether a taxpayer engages in activities with the objective of realizing a profit:
 
 
 9
 (1) the extent to which the taxpayer carries on the activity in a businesslike manner; (2) the taxpayer's expertise or his reliance on the advice of experts; (3) the time and effort the taxpayer expends in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the taxpayer's success in similar activities; (6) the taxpayer's history of income or loss in the activity; (7) the amount of occasional profits, if any; (8) the taxpayer's financial status; and (9) the elements of personal pleasure or recreation.
 
 
 10
 Cannon, 949 F.2d at 350; see Treas.Reg. Sec. 1.183-2(b). The regulation directs:
 
 
 11
 In determining whether an activity is engaged in for profit, all facts and circumstances with respect to the activity are to be taken into account. No one factor is determinative in making this determination. In addition, it is not intended that only the factors described in this paragraph [listed above] are to be taken into account in making the determination, or that a determination is to be made on the basis that the number of factors ... indicating a lack of profit objective exceeds the number of factors indicating a profit objective, or vice versa.
 
 
 12
 Treas.Reg. Sec. 1.183-2(b).
 
 
 13
 The Tax Court applied the relevant factors and concluded that the Technology-1980 and Barton Income Fund partnerships were not motivated by profit on the following bases: (1) the amounts the partnerships agreed to pay for the licenses for the Enhanced Oil Recovery (EOR) technology and for the lease by Technology-1980 for tar sands properties "bore no relation to the value of that which was acquired, did not conform to industry norms, and precluded any realistic opportunity for profit;" (2) the partnerships' estimates of oil to be recovered through EOR technology are "not supported by credible expert testimony ... and were not reasonable" based on the undeveloped and untested status of the EOR technology; (3) the partnerships' economic projections in their offering materials reflect a series of assumptions which were not substantiated and did not account for the abnormal practice and high cost of the license fees and royalties or the significant cost of establishing commercial operations; (4) all but two of the EOR technologies licensed by the partnerships were "undeveloped, untested processes for which no prudent investor would pay any substantial fixed fees" and the other two technologies could have been licensed based solely on the income realized therefrom; (5) the partnerships relied on unrealistic projections that "world oil prices would continue increasing from 1979 and 1980 prices on a continuing upward spiral for the next 20 years;" (6) the licensing agreements for the EOR technologies were not completed through arms-length negotiations; and (7) the partnerships marketed the investments in part on the basis of projected tax benefits and inaccurate information regarding the EOR technology. Additionally, the tax court noted that the partnerships had a record of substantial losses and never recorded a profit in any year of their ventures, another factor relevant to the "profit motive" inquiry. Cannon, 949 F.2d at 352 ("A record of such persistent and substantial losses is persuasive evidence that the partnerships did not possess the requisite profit motive."); see also Treas.Reg. Sec. 1.183-2(b)(6).
 
 
 14
 Taxpayers point to the court's determination that the partnerships' reliance on the energy price projections was unreasonable and its determination that partnership management lacked expertise in the oil and gas business as the most substantial basis for challenging the Tax Court's finding that the partnerships did not have the requisite profit motive. The taxpayers also assert error in the court's treatment of the up-front, fixed licensing fees for the EOR technology. The Hildebrands point to a joint venture agreement with an independent third party to perform test drilling on the tar sands property in return for an interest in the partnership as independent evidence of the value of the EOR technology agreements. The taxpayers argue further that, because other companies made large and risky investments in enterprises involving similar EOR technology at similar times, these investments are therefore validated.
 
 
 15
 After reviewing the record, however, we do not find the conclusions of the tax court to be clearly erroneous. The Tax Court did a thorough job of considering the profit motive issue. It applied the relevant factors, considered all the evidence and testimony presented and rested its determination on a solid foundation. It also ably addressed the arguments made by the taxpayers outlined in the above paragraph.
 
 
 16
 Taxpayers next assert that the Tax Court erred in disallowing certain partnership interest deductions under 26 U.S.C. Sec. 163. The Tax Court found that the debt obligations of the partnerships were not based on arms-length transactions, resulted from excessive amounts paid for the licenses of the EOR technology and otherwise did not represent genuine debt obligations and, therefore, should be disregarded. The Tax Court's findings in this regard are not clearly erroneous.
 
 
 17
 Taxpayers also appeal the imposition of an increased interest rate on the tax underpayment attributable to tax-motivated transactions under 26 U.S.C. Secs. 6601 and 6621(c). Because we do not find clearly erroneous the Tax Court's determination that the requisite profit motive did not exist, we reject taxpayers' argument and affirm the Tax Court's imposition of the increased rate of interest for substantially the reasons stated in its opinion. We specifically reject Krause's assertion that the Tax Court erred in finding Barton Income Fund liable for an increased rate of interest because a transaction which is determined to lack a profit motive does not equal a tax-motivated transaction under section 6621. Section 6621(c)(1) imposes an increased rate of interest on "any substantial underpayment attributable to tax motivated transactions," which include activities not engaged in for profit. Wolf v. Commissioner, 4 F.3d 709, 715 (9th Cir.1993).
 
 
 18
 Krause also argues that the Tax Court erred in rendering a consolidated opinion covering both Hildebrand and Barton Income Fund. We disagree. After our own study of the record we conclude that the minor errors in the Tax Court opinion confusing facts applying only to Hildebrand with facts surrounding Barton Income Fund were insignificant and did not affect the substance or the legal conclusions in the Tax Court's opinion.
 
 
 19
 Krause also asserts that the Tax Court erred in disallowing portions of its licensing fees as research and development expenses under 26 U.S.C. Sec. 174. We disagree. The Tax Court's finding that Barton Income Fund had no profit objective precludes it from taking deductions under Sec. 174. Independent Elec. Supply, 781 F.2d 724, 726 (10th Cir.1986); Agro Science Co. v. Commissioner, 934 F.2d 573, 576 (5th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 300, 116 L.Ed.2d 243 (1991).
 
 III. CONCLUSION
 
 20
 We find no merit in taxpayers' remaining arguments and affirm the decision of the Tax Court for substantially the reasons stated in its opinion.
 
 
 
 *
 The Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 All citations to Internal Revenue Code sections are to code sections in force during the tax years in question