42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip D. ROBERTS, Robert T. McArthur, Denny Delk, Karen
Delk, Lynn Roberts, Jack T. Bell and Gauss,
Plaintiffs-Appellees,
v.
Werner HEIM, Defendant
and
Republic International Corporation, Defendant-Appellant.
 No. 93-16051.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 25, 1994.
 
 Before: CHOY, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Republic International Corporation appeals from the district court's order certifying a plaintiff class pursuant to Fed.R.Civ.P. 23(b)(2). Republic contends that the named plaintiffs could not fairly and adequately represent the class because they had a conflict of interest with some class members. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 3
 The plaintiffs in these three consolidated actions invested in four limited partnerships ostensibly organized to locate, extract, and process gas and oil using cutting-edge technology. Plaintiffs' complaint asserts that they were fraudulently induced to purchase worthless partnership interests by offering memoranda that omitted and misrepresented material facts in violation of federal securities law. Plaintiffs further contend that the offering materials falsely represented that the investors would benefit from pre-1986 tax incentives designed to encourage investment in domestic oil production. During the pendency of this action, the IRS disallowed the investors' claimed deductions for debts arising from their partnership interests on the grounds that the partnerships did not have the requisite profit motive and were not arms-length transactions.
 
 
 4
 On March 22, 1989, the district court granted plaintiffs' motion to certify a class. Because the class was certified under Fed.R.Civ.P. 23(b)(2), potential class plaintiffs were not automatically entitled to "opt-out." Nonetheless, the district court required that the notice to potential class members: (1) identify the related tax challenge and the potential conflict; (2) discuss the potential conflict between the investors' respective positions in the two cases; and (3) notify potential class members that they could opt-out of the litigation if desired. Only a few investors opted-out of the class.
 
 
 5
 On the eve of trial, plaintiffs and Republic executed a Stipulation of Settlement. The parties then notified each of the approximately 3,000 class members of the tentative settlement and again informed them of the pendency of the tax litigation and the potential conflict in the positions taken by the investors in the respective lawsuits. When no class members objected to the settlement, the district court approved the settlement.
 
 
 6
 Pursuant to the settlement agreement, the district court issued an injunction prohibiting Republic from enforcing the hundreds of millions of dollars worth of notes in its possession against the class plaintiffs. The injunction is permanent with regard to class members who settled with the IRS. As applied to class members who challenged the IRS ruling, the injunction provides that it may be dissolved in the event Republic prevails in this appeal.
 
 II.
 
 7
 A district court's certification of a class action is reviewed for an abuse of discretion. Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1304 (9th Cir.1990).
 
 
 8
 We have recognized that actions involving alleged fraud in connection with the sale of securities are particularly suitable for class certification. Blackie v. Barrack, 524 F.2d 891, 902-3 (9th Cir.1975), cert. denied, 429 U.S. 816 (1976); accord Eisenberg v. Gagnon, 766 F.2d 770, 775 (3d Cir.), cert. denied, 474 U.S. 946 (1985); 4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions Sec. 22.01 (1992). The prerequisites for class certification are set forth in Federal Rule of Civil Procedure 23(a). The rule permits certification of a class if:
 
 
 9
 (1) the class is so numerous that joinder of all members is impracticable,
 
 
 10
 (2) there are questions of law or fact common to the class,
 
 
 11
 (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
 
 
 12
 (4) the representative parties will fairly and adequately protect the interests of the class.
 
 
 13
 Fed.R.Civ.P. 23(a).
 
 
 14
 In certifying the proposed class, the district court rejected Republic's contention that the named plaintiffs could not fairly and adequately represent the class because at least one had settled with the IRS while some class members were challenging the IRS decision. The court concluded that any potential conflict "between the position taken by class members in the tax litigation and in the present lawsuit ... can be ameliorated by the 'opt out' mechanism." ER Tab 1 at 14. The court also required that the notice of class certification discuss the related tax litigation and point out that a plaintiff's position in the securities litigation might be used against him or her in the tax proceedings.
 
 
 15
 Republic's sole contention on appeal is that the district court erred in finding that the named plaintiffs were fair and adequate representatives of all potential class members. Specifically, Republic argues that the district court abused its discretion in certifying the class because a disabling conflict existed between the class representatives, some or all of whom had settled with the IRS, and potential class members who were fighting the IRS's disallowance of the claimed deductions. Republic's argument lacks merit.
 
 
 16
 A named plaintiff is an adequate representative of a class if no antagonism exists between his or her claims and those of the class. In re Northern Dist. of California, Dalkon Shield IUD Products Liability Litigation, 693 F.2d 847, 855 (9th Cir.1982), cert. denied, 459 U.S. 1171 (1983). Contrary to Republic's contention, there was no conflict of interest between the named plaintiffs who had settled with the IRS and those who had not. The position taken by the limited partnership investors in the tax litigation was not necessarily antagonistic to the claims against Republic: there could well have been fraud in connection with selling the partnership interests irrespective of whether the IRS allowed the investors to deduct partnership obligations from their taxable income. The complaint alleged material misrepresentations and omissions with respect to many subjects discussed in the offering memoranda, not just the purported tax-benefits from investing in the partnership. Further, the fact that some or all of the named plaintiffs had settled with the IRS--and therefore did not enjoy the promised tax benefits from their investments--increased, not decreased, their incentive to vigorously pursue the fraud claims asserted against Republic. Finally, any investors participating in the tax litigation who found a conflict between the positions taken in the two cases had the opportunity to opt-out and to oppose the settlement agreement.[1]
 
 
 17
 Republic further argues that, should the class members who did not settle with the IRS ultimately prevail, the permanent injunction entered by the district court will prevent them from claiming the deductions under the "tax benefit rule." This argument is irrelevant because the permanent injunction was entered several years after certification of the class; the inquiry on appeal is whether class certification was proper as of March 22, 1989, the date of the district court's certification order. General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982) ("We do not, of course, judge the propriety of a class certification by hindsight."); Blackie, 524 F.2d at 900-01. The district court could not have foreseen the terms of settlement.[2] There was no abuse of discretion in certifying the class.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The investors who challenged the IRS were in a better position to weigh their interests than Republic. The fact that very few opted-out of the class and none opposed the settlement arrangement indicates that they were not concerned about a conflict
 
 
 [2]
 The argument is also moot. On June 22, 1994, the Tenth Circuit affirmed the Tax Court's ruling that the claimed deductions were improper. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir.1994)