T.C. Memo. 1999-79


UNITED STATES TAX COURT


RICHARD L. AND KATHRYN DYCKMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24248-95.                Filed March 12, 1999.


Richard L. and Kathryn Dyckman, pro sese.

Louise R. Forbes and John R. Mikalchus, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a so-called affected items notice of deficiency for the taxable year 1982. In the notice, respondent determined that petitioners were liable for (1) additions to tax for negligence under section 6653(a)(1) and (a)(2) in the amounts of $492 and 50 percent of the interest due on $9,835, respectively, and (2) an addition to tax for valuation overstatement under section 6659 in the amount of $2,436.

After concessions by petitioners,[2] the issues for decision are as follows:

(1) Whether petitioners are liable for additions to tax for negligence or intentional disregard of rules or regulations under section 6653(a)(1) and (2). We hold that they are not.

(2) Whether petitioners are liable for the addition to tax for underpayment of tax attributable to valuation overstatement under section 6659. We hold that they are.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. Petitioners resided in Toms River, New Jersey, at the time that their petition was filed with the Court.

During the year in issue, petitioners were both 55 years old. During the preceding 30 years, petitioner husband (Mr.

---

[2] Petitioners concede that partnership assets valued at $1,750,000 did not have a value exceeding $50,000. Further, petitioners raised a statute of limitations issue in their petition, but petitioners appear to have abandoned that issue. Nevertheless, we observe that the notice of deficiency was timely issued. See sec. 6229(d), (g).

Dyckman) had been a carpet salesman and petitioner wife (Mrs. Dyckman) had been an elementary school teacher. In 1982, petitioners' gross income was approximately $60,000 and their net worth was approximately $50,000.

Petitioners were referred to Mr. Ira Kipness, a certified public accountant (C.P.A.). Mr. Kipness was touted as a knowledgeable, experienced, and trustworthy accountant. Mr. Kipness began to prepare petitioners' tax returns in 1975. Soon thereafter, petitioners became close friends with Mr. Kipness and his family. Mrs. Dyckman began to tutor Mr. Kipness' daughter. Mr. Kipness and his family moved to California in 1984. Petitioners continued to mail Mr. Kipness their tax information, and he continued to prepare their returns for sometime after the move to California.

Petitioners had virtually no experience in financial or investment matters. Until the year in issue, petitioners' investment experience had been limited to bank accounts, a few certificates of deposits, and securities financed through withholdings from their paychecks for investment through employer plans. Mr. Kipness advised petitioners that because they were approaching retirement, they should seriously consider investing for their future. Petitioners requested Mr. Kipness to suggest a suitable investment for that purpose. Mr. Kipness suggested investment in a "waste management" or "recycling" program. Mrs. Dyckman was concerned about the environment and had organized a paper recycling program in her school. She was especially

enthusiastic about what she thought would be an environmentally conscious investment.

Petitioners issued a $5,000 check in Mr. Kipness' name leaving him to take care of any remaining details. Mr. Kipness invested petitioners' $5,000 in a partnership known as D L & K Associates, making Mr. Dyckman a limited partner in that partnership. Petitioners were not provided with any literature, such as an offering letter or prospectus, regarding their investment.

Because they were unsophisticated in financial matters, petitioners did not inquire much about their investment. Mr. Kipness simply told petitioners that they were investing in some sort of "waste management" or "recycling" venture, that any possible loss would be limited to their investment, and that their short-term profit potential would be limited, but that in the long run their investment could be highly profitable.

Petitioners expected to receive literature regarding their investment at some future time. When such information was not forthcoming, petitioners contacted Mr. Kipness a few months later and inquired regarding their investment and its status. Subsequently, petitioners were informed that petitioners' investment had been a "bust". Petitioners were devastated to lose their investment, and they did not thereafter make any similar investments.

Unbeknownst to petitioners, their investment was in a partnership formed chiefly to produce tax benefits. D L & K

Associates was a limited partner in a partnership known as Taylor Recycling Associates (Taylor). Taylor was a first-tier TEFRA partnership involved in plastics recycling. Taylor was involved in a series of transactions similar to those of the Clearwater Group partnership, which was the subject of Provizer v. Commissioner, T.C. Memo. 1992-177, affd. per curiam without published opinion 996 F.2d 1216 (6th Cir. 1993). In Provizer, this Court found that assets valued at $1,162,666 had a fair market value not exceeding $50,000. The Court also held that the Clearwater Group transactions were a sham and lacked economic substance.

In 1988, a partnership proceeding captioned Taylor Recycling Associates, D L & K Associates, A Partner Other Than the Tax Matters Partner v. Commissioner, docket No. 10184-88 (the Taylor case) was commenced in this Court on behalf of Taylor. On July 21, 1994, the Court entered decision in the Taylor case pursuant to the Commissioner's motion for entry of decision under Rule 248(b). All deductions and credits claimed by Taylor in connection with its plastics recycling activities were disallowed.

Pursuant to the Taylor decision, in 1995, respondent assessed petitioners $9,835 in tax and approximately $40,000 in interest. Having not heard anything about their investment for approximately 13 years, petitioners were initially convinced that respondent had made a mistake. Upon learning that they were in fact liable for the assessed amounts pursuant to the Taylor

decision, petitioners cashed in an IRA and paid their liability.

Thereafter, on September 5, 1995, respondent issued the affected items notice of deficiency for 1982 determining additions to tax under sections 6653(a)(1) and (2) and 6659. Petitioners filed their petition with this Court on November 20, 1995.

OPINION

Issue (1)  Section 6653(a)(1) and (2) Negligence

Section 6653(a)(1) and (2) imposes additions to tax if any part of the underpayment of the tax is due to negligence or intentional disregard of rules or regulations.  Negligence is defined as the failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances.  See Neely v. Commissioner, 85 T.C. 934, 947 (1985).

A taxpayer may avoid liability for negligence in the case of reasonable reliance on a competent professional adviser.  See United States v. Boyle, 469 U.S. 241, 250-251 (1985); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd 501 U.S. 868 (1991).  Although reliance on professional advice, standing alone, is not an absolute defense to negligence, it is a factor to be considered.  See Freytag v. Commissioner, supra.

The pertinent question is whether a particular taxpayer's actions are reasonable in light of the taxpayer's experience, the nature of the investment, and the taxpayer's actions in

connection with the transactions. See <u>Henry Schwartz Corp. v. Commissioner</u>, 60 T.C. 728, 740 (1973). In this regard, the determination of negligence is highly factual. "When considering the negligence addition, we evaluate the particular facts of each case, judging the relative sophistication of the taxpayers as well as the manner in which the taxpayers approached their investment." <u>Turner v. Commissioner</u>, T.C. Memo. 1995-363.

There are a number of special and unusual circumstances present in petitioners' case that in combination provide a reasonable basis for petitioners' actions. The special and unusual circumstances include petitioners' complete lack of sophistication in investment matters as well as the long-term special relationship of trust and friendship that existed between petitioners and their C.P.A.. Cf. <u>Schwalbach v. Commissioner</u>, 111 T.C. 215, 230-231 (1998); <u>Zidanich v. Commissioner</u>, T.C. Memo. 1995-382.

Petitioners are a carpet salesman and an elementary school teacher who did not have any independent investment experience. They are unsophisticated investors who relied on their C.P.A., a trusted friend and a knowledgeable professional. Because of his reputation and status, petitioners surmised that Mr. Kipness had the expertise to choose an appropriate investment for them. Because of their friendship, petitioners were confident that Mr. Kipness would do all that was necessary to protect their investment. In sum, petitioners relied in good faith on a financially savvy accountant and their long-time friend to act in

their best interest.  Given the relationship of the parties and the level of sophistication involved, petitioners acted reasonably.

We have also considered other factors in holding petitioners' actions to be reasonable.  For example, petitioners' sole motivation for making the investment was to provide for their retirement.  Petitioners did not invest as a means to obtain tax benefits, nor were petitioners even aware that their investment was in a partnership designed to produce tax benefits. Hence, petitioners were not motivated by an offering of improbable tax advantages or sizeable tax deductions.  Compare Wolf v. Commissioner, 4 F.3d 709, 715 (9th Cir. 1993) ("We need look no farther than * * * [the partnership's] own marketing literature to hold that the tax court's findings of negligence are not clearly erroneous: the prospectus focused primarily on the tax benefits of the investment, and established on its face that a profit was highly unlikely."), affg. T.C. Memo. 1991-212; Pasternak v. Commissioner, 990 F.2d 893, 902 (6th Cir. 1993) (holding reasonably prudent person should investigate claims when they are likely "too good to be true"), affg. Donahue v. Commissioner, T.C. Memo. 1991-181; Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988) ("The discussions in the prospectus of high write-offs and the risk of audits should have alerted taxpayers that their deductions were questionable at best."), affg. Dister v. Commissioner, T.C. Memo. 1987-217.

There is also no indication that Mr. Kipness was himself an investor in D L & K Associates, Taylor, or any related partnership. As a result, petitioners were not relying on professional advice from someone they knew to be burdened with an inherent conflict of interest. Compare <u>Goldman v. Commissioner</u>, 39 F.3d 402 (2d Cir. 1994) (reliance on the advice of an interested individual supported a holding of negligence), affg. T.C. Memo. 1993-480; <u>Pasternak v. Commissioner</u>, <u>supra</u> at 903 (same).

A failure to make even minimal inquiries regarding an investment is ordinarily a strong indication of negligence. See <u>Goldman v. Commissioner</u>, <u>supra</u>. We are convinced, given the totality of the circumstances in the present case, that petitioners' inquiries were limited because petitioners lacked the sophistication to make the type of prudent inquiries that one would expect a more sophisticated investor to make.

As already noted, the determination of negligence is a highly factual matter. Respondent seeks to analogize petitioners' situation to a number of cases where this Court has held that the taxpayer's reliance on the advice of a professional did not justify relief from negligence additions. We have reviewed those cases and conclude that petitioners' situation more closely resembles <u>Zidanich v. Commissioner</u>, <u>supra</u> (lack of sophistication coupled with professional advice from a trusted and seemingly knowledgeable friend or relative) where the taxpayer was held not to be negligent. We are convinced that

petitioners have demonstrated exercise of due care in their individual situation and with their particular background and circumstances.  Accordingly, we hold for petitioners on this issue.

Issue (2)  Section 6659 Valuation Overstatement

Petitioners also contest the addition to tax under section 6659 for a valuation overstatement.  A valuation that exceeds the correct valuation by 150 percent or more constitutes a valuation overstatement.  See sec. 6659(c).  Petitioners have conceded that assets with values not exceeding $50,000 were valued at $1,750,000.  There was therefore a valuation overstatement under section 6659.

Petitioners contend that respondent abused his discretion in failing to exercise the authority under section 6659(e) to waive the addition to tax for the valuation overstatement.  Under section 6659(e) the Commissioner may waive all or any part of the valuation overstatement addition upon a showing by the taxpayer that there was a "reasonable basis for the valuation * * * claimed on the return and that such claim was in good faith." The Commissioner's waiver is discretionary and subject to review for an abuse of discretion.  See Krause v. Commissioner, 99 T.C. 132 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994).

On the record before us, there is no indication that petitioners requested a waiver from respondent at any time prior to the filing of their posttrial brief.  Given that petitioners

have failed to establish a timely request for a waiver, we cannot hold that respondent abused his discretion to waive the addition to tax for the valuation overstatement.  See <u>Haught v. Commissioner</u>, T.C. Memo. 1993-58.  Further, petitioners concede that there was an improper valuation, and there is nothing else on the record before us to establish that there was a reasonable basis for the <u>valuation</u> as required by section 6659(e).  In light of the stringent abuse of discretion standard, we cannot conclude that respondent abused his discretion in failing to exercise the authority under section 6659(e) to waive the section 6659 addition to tax.

In view of the foregoing, we sustain respondent's determination that petitioners are liable for the section 6659 valuation overstatement addition to tax.

To reflect our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for petitioners as to the additions to</u>

<u>tax under section 6653(a)(1) and (2)</u>

<u>and for respondent as to the addition</u>

<u>to tax under section 6659</u>.