T.C. Memo. 1999-179


UNITED STATES TAX COURT


MATO L. MARINOVICH AND DAPHNE MARINOVICH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 36934-86, 21754-89.        Filed May 28, 1999.


<u>John T. Morin</u> and <u>Edward S. Saviano</u>, for petitioners.

<u>Elizabeth Girafalco Chirich</u>, for respondent.


MEMORANDUM OPINION


SWIFT, <u>Judge</u>:  This matter is before us in these consolidated cases on respondent's motion for summary judgment with regard to the deductibility as a loss under section 165(c)(2) of the amount of cash invested in a tax shelter partnership.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Petitioners invested in White Rim Oil and Gas Associates, 1980 (White Rim), a Utah limited partnership that was part of a group of tax-oriented limited partnerships that had the stated general objective of, among other things, investing in enhanced oil recovery technology for the recovery of oil and natural gas.

The parties herein stipulate that White Rim's transactions, for all relevant purposes, were identical to those of Technology Oil and Gas Associates, 1980 (Technology 1980), one of the partnerships involved in our test case opinion in Krause v. Commissioner, 99 T.C. 132 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994). Further, other than petitioners' claim for loss deductions under section 165 with respect to the amount of cash invested in White Rim, petitioners agree to be bound by Krause with respect to the disallowance of tax deductions relating to White Rim's claimed losses, interest expense deductions, and investment credit.

When the petitions were filed, petitioners resided in New York, New York.

During 1980, 1981, 1982, and 1983, petitioners invested in White Rim by transferring to White Rim $75,000 in cash and by

executing in favor of White Rim promissory notes in the total face amount of $385,000.  Petitioners made no payments on the promissory notes.

On their Federal income tax returns for 1980, 1981, and 1982, petitioners claimed large losses, interest expense deductions, and an investment credit relating to their investment as limited partners in White Rim.  On audit, respondent disallowed these claimed losses, interest expense deductions, and investment credit.

In the Krause v. Commissioner, supra, test cases, we analyzed, primarily at the partnership level, the objective of the particular partnership activities and transactions involved in Krause.  We concluded that the partnership activities and transactions were tax-motivated and did not have the requisite profit objective to support the losses claimed, and we sustained respondent's disallowance of the claimed losses relating to the taxpayers' investments in the partnerships.  We found that the transactions did not constitute legitimate for-profit business transactions.  Also, on the ground that the underlying debt obligations did not constitute genuine debt, we sustained respondent's disallowance of the claimed interest deductions relating thereto, and we imposed an increased interest rate under section 6621(c).  We did not sustain respondent's determinations under sections 6653(a)(1) and (2), 6659, and 6661 of additions to

- 4 -

tax for negligence, for valuation overstatements, and for substantial understatements of tax.

As indicated, our findings and holdings in <u>Krause v. Commissioner</u>, <u>supra</u>, were affirmed by the U.S. Court of Appeals for the Tenth Circuit.

For purposes of this motion for summary judgment, petitioners concede that no profit objective existed at the White Rim partnership level, and respondent concedes that profit objective existed at the individual partner level.

Discussion

Under section 165(a), deductions are allowed for losses sustained during the taxable year not compensated for by insurance or otherwise.

Under section 165(c)(2), in order for individual taxpayers to be entitled to loss deductions with respect to funds invested in partnerships, the underlying partnership transactions must have economic substance, and, at the partner level, the individual taxpayers must have had a profit objective for investing in the partnerships.  See <u>Illes v. Commissioner</u>, 982 F.2d 163, 165 (6th Cir. 1992), affg. per curiam T.C. Memo. 1991-449; <u>Farmer v. Commissioner</u>, T.C. Memo. 1994-342; <u>Wright v. Commissioner</u>, T.C. Memo. 1994-288.

- 5 -

Even if taxpayers invest in the partnerships with the individual objective of making a profit, taxpayers are not entitled to deduct out-of-pocket cash invested in the partnerships as losses under section 165(c)(2) if the partnership transactions lack economic substance. See Illes v. Commissioner, supra at 165; Hoffpauir v. Commissioner, T.C. Memo. 1996-41; Schafer v. Commissioner, T.C. Memo. 1994-569; Farmer v. Commissioner, supra; Wright v. Commissioner, supra; Daoust v. Commissioner, T.C. Memo. 1994-203; Omerza v. Commissioner, T.C. Memo. 1992-206.

Further, our finding in Krause v. Commissioner, supra at 176, that the transactions were tax-motivated and "did not, and do not, constitute legitimate for-profit business transactions," imported that the transactions lacked economic substance. See Ferguson v. Commissioner, 29 F.3d 98, 102 (2d Cir. 1994), affg. Peat Oil & Gas Associates v. Commissioner, 100 T.C. 271 (1993); Nickeson v. Commissioner, 962 F.2d 973, 976 (10th Cir. 1992), affg. Brock v. Commissioner, T.C. Memo. 1989-641; Gardner v. Commissioner, 954 F.2d 836, 839 (2d Cir. 1992), affg. per curiam Fox v. Commissioner, T.C. Memo. 1988-570; Bohrer v. Commissioner, 945 F.2d 344, 348 n.5 (10th Cir. 1991), affg. Glass v. Commissioner, 87 T.C. 1087 (1986); Kirchman v. Commissioner, 862 F.2d 1486, 1492-1493 (11th Cir. 1989), affg. Glass v. Commissioner, 87 T.C. 1087 (1986).

Contrary to the above authority and for the limited purpose of determining the deductibility of losses under section 165(c)(2) relating to the amount of cash invested in partnerships, petitioners argue that the absence of a profit objective at the partnership level should be irrelevant, and the profit objective test should be measured only at the individual partner level. Petitioners rely on Echols v. Commissioner, 935 F.2d 703, 709 (5th Cir. 1991), revg. and remanding 93 T.C. 553 (1989), as supporting a loss deduction for the amount of cash they invested in White Rim.

In Echols, however, the profit objective of the partnership was not at issue. The Echols case involved what was treated as a legitimate for-profit partnership, and the Court of Appeals for the Fifth Circuit addressed only the timing and manifestation of the taxpayers' abandonment of their interest in the partnership and the worthlessness of their interest in the partnership. Because the profit objective of the partnership was not challenged, the Court of Appeals for the Fifth Circuit in Echols examined only the profit objective at the individual investor level.

The parties stipulate that White Rim's transactions, for all relevant purposes, were identical to those of Technology 1980, one of the partnerships involved in Krause v. Commissioner, 99 T.C. 132 (1992), in which we concluded that the activities and

transactions of the partnerships were tax-motivated and did not constitute legitimate for-profit business transactions. Petitioners agree to be bound by <u>Krause v. Commissioner</u>, <u>supra</u>, with respect to the activities of White Rim. Therefore, we conclude that the activities and transactions of the White Rim partnership, like those of Technology 1980, were not legitimate profit-oriented business dealings and lacked economic substance.

Because the activities and transactions of the White Rim partnership lack economic substance, petitioners are not entitled to a loss deduction under section 165(c)(2) for their cash investment in the White Rim partnership, notwithstanding their individual profit objective in investing in the partnership.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.