T.C. Memo. 2000-284


UNITED STATES TAX COURT


THOMAS J. FISHER AND ANN M. FISHER, ET AL.,[1] Petitioners
    <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 27394-86, 5879-89,   Filed September 5, 2000.
            25436-90, 1321-92.


<u>A. John P. Mancini</u>, for petitioners.

<u>Thomas L. Fenner</u> and <u>Marion S. Friedman</u>, for respondent.

_____

[1]     This case has been consolidated by order with those of White
Rim Oil & Gas Associates, 1980, Raymond Phillips, Tax Matters
Partner, docket Nos. 5879-89, 25436-90, and 1321-92, each of
which is a TEFRA proceeding involving the same partnership.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  These consolidated cases are before us on motions for entry of decisions.[2]  An evidentiary hearing was held on December 9, 1999, with regard to these motions.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The underlying tax liabilities involved in the instant motions for entry of decisions of Thomas J. and Ann M. Fisher (who are petitioners in docket No. 27394-86 and who are hereinafter referred to as petitioners) relate to two tax shelter limited partnerships (the White Rim partnerships and the Syn-Fuel partnerships) in which petitioners in the early 1980's invested. Both of these tax shelters and the claimed tax benefits associated therewith have been the subject of test case opinions adverse to the investors.  See <u>Peat Oil & Gas Associates v. Commissioner</u>, 100 T.C. 271 (1993) (relating to the Syn-Fuel

---

[2]    In docket No. 27394-86, petitioners Thomas J. and Ann M. Fisher move for entry of decision.  In docket Nos. 5879-89, 25436-90, and 1321-92, respondent moves for entry of decisions under Rule 248, to which motions the Fishers, as participating partners, object.  Also, in the latter three dockets, the Fishers, as participating partners, cross move, as to themselves only (not as to other partners) for entry of decisions, for abatement of interest, for innocent spouse relief, and for attorney's fees.  In those three dockets, the tax matters partner filed no response to the pending motions.

partnerships), affd. sub nom. <u>Ferguson v. Commissioner</u>, 29 F.3d 98 (2d Cir. 1994); <u>Krause v. Commissioner</u>, 99 T.C. 132 (1992), (relating to the White Rim partnerships), affd. sub nom. <u>Hildebrand v. Commissioner</u>, 28 F.3d 1024 (10th Cir. 1994).[3]

The instant motions focus primarily on whether petitioners should be treated as having entered into binding settlement agreements of the taxes and penalties pertaining to their investments in the White Rim and Syn-Fuel partnerships on a basis more favorable than that available to other partners in the same partnerships. Petitioners' counsel complains vigorously of respondent's general handling of the above tax shelters and of respondent's particular treatment of petitioners. Whatever may be the explanation for petitioners' financial and other problems relating to their investments in the above partnerships, the evidence herein does not establish that petitioners entered into binding settlement agreements with respondent of their tax liabilities, additions to tax, and increased interest in a manner inconsistent with respondent's proposed decisions. For the reasons set forth below, in docket No. 27394-86, we shall deny

---

[3] For other opinions relating to the White Rim partnerships, see <u>Hill v. Commissioner</u>, 204 F.3d 1214 (9th Cir. 2000); <u>Copeland v. Commissioner</u>, T.C. Memo. 2000-181; <u>Marinovich v. Commissioner</u>, T.C. Memo. 1999-179; <u>Acierno v. Commissioner</u>, T.C. Memo. 1997-441, affd. without published opinion 185 F.3d 861 (3d Cir. 1999); <u>Karlsson v. Commissioner</u>, T.C. Memo. 1997-432; <u>Vanderschraaf v. Commissioner</u>, T.C. Memo. 1997-306, affd. without published opinion 211 F.3d 1276 (9th Cir. 2000).

petitioners' motion for entry of decision.  In docket Nos. 5879-89, 25436-90, and 1321-92, we shall grant respondent's motions for entry of decisions, and we shall deny the motions for entry of decisions filed by petitioners as participating partners.

## Background

At the time the petitions were filed, petitioners resided in and the relevant partnerships maintained their offices in New York State.

On their Federal income tax returns for the years 1980 through 1985, petitioners claimed loss deductions relating to their limited partnership investments in White Rim and Syn-Fuel as follows:

| Partnership | Claimed Loss Deductions | | | | | |
|---|---|---|---|---|---|---|
| | 1980 | 1981 | 1982 | 1983 | 1984 | 1985 |
| White Rim | $39,925 | $45,479 | $50,880 | $13,665 | --- | --- |
| Syn-Fuel | --- | 40,392 | 38,319 | 40,890 | $33,414 | $6,927 |

Respondent disallowed the above-claimed loss deductions relating to petitioners' investments in the White Rim and Syn-Fuel partnerships for the tax years 1980 through 1982 and the partnerships' loss deductions for 1983 through 1985.

At a Court hearing on April 22, 1986, respondent's counsel announced that respondent would accept settlement offers from investors in the White Rim and related limited partnerships on

terms that would allow the investors an ordinary loss deduction for the amount of cash invested in the partnerships. For partnerships formed in 1979 and 1980, respondent's offer of settlement expired on September 5, 1986. By that date, petitioners did not respond to respondent's offer of settlement.

On December 27, 1988, petitioners mailed to respondent 10 checks totaling $130,836. On each check, petitioners indicated whether the amount of each check should be applied to taxes or to interest owed for each year. No indication appeared on the checks as to whether the payments were being made in settlement of all or any portion of the tax liabilities determined by respondent against petitioners, nor did any indication appear on the checks as to whether the payments were being made for any tax liabilities relating to White Rim or to Syn-Fuel, or both.

Over the course of 1989 through 1997, petitioners and their counsel and respondent exchanged various correspondence and other documents discussing petitioners' tax liabilities and that petitioners on December 27, 1988, had partially paid. The correspondence makes clear that, except as noted below, no settlement was entered into by petitioners and respondent for any of the tax years in dispute herein.

For example, included in the documents petitioners submitted to respondent are claims for refund that petitioners filed in 1990 and in 1994 seeking refunds from respondent of amounts

petitioners had paid for the years 1981 through 1985 -- including the $130,836 that petitioners had paid on December 27, 1988.

On May 2, 1995, petitioners and respondent submitted to the Court an agreed and signed decision document in docket No. 11904-88, involving petitioners' Federal income tax liability for 1982, in which petitioners agreed to a tax deficiency for that year of $44,693.

On April 26, 1995, one of respondent's Appeals officers wrote a letter to petitioners to explain the allocation by respondent of the total $130,836 in payments that had been received from petitioners on December 27, 1988. In that letter, a misleading statement was made by respondent's Appeals officer relating to petitioners' Federal income tax liabilities that

> There remains no balance on the 1984 account, but each of the other years show a balance in your favor which will be refunded when this matter is closed.

At a Court hearing in petitioners' case at docket No. 27394-86 in New York City on December 9, 1997, the parties orally settled issues relating to petitioners' investment in White Rim for 1980 and 1981, and the parties filed their stipulation of settled issues therein on December 9, 1999.

## Discussion

The evidence in these cases is clear that (except for the May 2, 1995, and the December 9, 1999, settlements relating to petitioners' 1980, 1981, and 1982 tax liabilities that are mentioned above) no settlements were entered into between petitioners and respondent with regard to petitioners' Federal income tax liabilities for the years 1980 through 1985. Petitioners' attempt to have the $130,836 in payments that they made on December 27, 1988, treated as a binding and final settlement of all of petitioners' Federal income tax liabilities relating to the White Rim and Syn-Fuel partnerships for the years 1980 through 1985, or for any portion thereof, is rejected.

Binding settlement agreements may be entered into between taxpayers and respondent. To constitute, however, a binding settlement agreement of a Federal tax controversy, the taxpayers and respondent's representatives, among other things, must comply generally with contract principles such as offer and acceptance and must objectively manifest mutual assent to the essential terms of the purported settlement agreement. See Dorchester Indus. v. Commissioner, 108 T.C. 320, 329-330 (1997), affd. 208 F.3d 205 (3d Cir. 2000).

As we have found, with regard to the amounts in controversy, petitioners never accepted the terms of any pending settlement from respondent. To the contrary, after making the payments

totaling $130,836 in December of 1988, petitioners filed two sets of claims for refund therefor -- the first in 1990 and the second in 1994. The filing by petitioners of the claims for refund in 1990 and 1994 is inconsistent with and disproves petitioners' contention that they had settled the related tax liabilities in December of 1988.

The total amount of petitioners' December 27, 1988, payments (and the amount of the various separate checks designated for taxes and interest), with one exception for 1 year, do not match the calculations of what would have been due under any of respondent's settlement offers. Further, in context, the April 26, 1995, letter from respondent's Appeals officer clearly did not constitute an offer or acceptance of any settlement agreement.

Petitioners' various alternative arguments (e.g., that petitioners' December 27, 1988, payments and respondent's receipt thereof should be treated as an accord and satisfaction of the tax liabilities then asserted against petitioners relating to White Rim and/or to Syn-Fuel, or that petitioners' investments in Syn-Fuel should be treated as giving rise to loss deductions for fraud) are rejected. No credible evidence supports petitioners' alternative arguments. Other arguments made by petitioners that are not specifically addressed herein have been considered and are rejected.

Petitioner Mrs. Fisher's claims for innocent spouse relief for 1983 and later years and petitioners' claims for abatement of interest and for attorney's fees are all premature and therefore will be denied.  Any innocent spouse relief available to Mrs. Fisher relating to partnership items under the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324 (such as the White Rim and Syn-Fuel investments for 1983, 1984, and 1985), would be governed by the separate and independent proceedings described in section 6230(a)(3).

Any abatement of interest that might be available to petitioners would be governed by the separate proceedings described in section 6404(e).  See <u>Bourekis v. Commissioner</u>, 110 T.C. 20, 26 (1998).

In light of our denial of petitioners' motions for entry of decisions, petitioners do not qualify as prevailing parties, and we deny petitioners' motions for attorney's fees.  See sec. 7430.

To reflect the foregoing,

> <u>An appropriate order will</u>
> <u>be issued in docket No. 27394-86;</u>
> <u>and orders and decisions will be</u>
> <u>entered in docket Nos. 5879-89,</u>
> <u>25436-90, and 1321-92</u>.