**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIMOTHY JOHN MARTIN,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 99-9027
(T.C. No. 20034-88)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Taxpayer Timothy John Martin requests review of a decision of the United States Tax Court disallowing certain losses, deductions, and credits claimed from his investment in a limited partnership tax shelter. On appeal, taxpayer asserts that the Tax Court violated his due process rights by ruling against him without affording him an evidentiary hearing. We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm the decision of the Tax Court.

## I. Background

In the early 1980's, taxpayer formed R & M Partners, an entity he then used to purchase a limited partnership interest in Durango Oil and Gas Associates (Durango), an Electra/Hemisphere tax shelter. On his tax returns for the years 1980, 1981, and 1982, taxpayer claimed distributive losses, deductions, and tax credits from the Durango interest. In 1988, the Commissioner sent taxpayer a notice of deficiency disallowing the Durango losses, deductions, and tax credits and assessing increased interest pursuant to 26 U.S.C. § 6621(c).

Taxpayer timely filed a petition in Tax Court for a redetermination of the stated tax liabilities. The Tax Court issued taxpayer an order to show cause as to why it should not enter a decision in his case in accordance with *Krause v. Commissioner*, 99 T.C. 132 (1992), *aff'd sub nom. Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir. 1994), the test case in the Elektra/Hemisphere group of Tax Court cases. After considering taxpayer's response, the Tax Court entered an

order upholding the Commissioner's finding of income tax deficiencies for the years in question and assessing increased interest pursuant to 26 U.S.C. § 6621(c). Taxpayer seeks review of this order.

## II. Discussion

We review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Thus, we review purely factual issues under a clearly erroneous standard, and we review purely legal questions de novo. *See Twenty Mile Joint Venture, PND, Ltd. v. Commissioner*, 200 F.3d 1268, 1275 (10th Cir. 1999).

In *Krause*, following a fifteen-week hearing, the Tax Court issued a lengthy and comprehensive decision, holding that Electra/Hemisphere partnerships lacked a profit motive and upholding the Commissioner's disallowance of losses and assessments of increased interest. *See* 99 T.C. at 175-76. In an equally thorough affirmance, this court upheld the decision of the Tax Court. *See Hildebrand*, 28 F.3d at 1028.

The Tax Court uses the show cause procedure in cases where, as here, the decision on the instant case may be affected by a previously decided test case. *See Acierno v. Commissioner*, 74 T.C.M. (CCH) 738 (1997) (citing example cases), *aff'd*, 185 F.3d 861 (3d Cir. 1999) (table). In conformity with this procedure, the Tax Court issued an order directing taxpayer to show cause as to

why a decision in his case should not be entered in accordance with the Tax Court's decision in *Krause*, which also involved Elektra/Hemisphere cases. *See* R. Order dated May 14, 1999. The court advised taxpayer that, if issues remained which were not resolved by *Krause*, he needed to inform the Tax Court of those issues. *See id.* In his response, taxpayer argued that if given the opportunity to conduct discovery, he would be able to successfully distinguish his case from *Krause*. He asserted that he had not started discovery due to "his attempt to resolve the case" outside of litigation.[1] *Id.* Status Report dated July 15, 1999. The Tax Court found his response insufficient and entered an order upholding the Commissioner's deficiency assessments.

On appeal, taxpayer argues that he was denied procedural due process when the Tax Court failed to hold an evidentiary hearing prior to ruling in favor of the Commissioner. Procedural due process requires notice and an opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950) (holding that "at a minimum" due process "require[s] that deprivation of

---

[1] Labeling the Tax Court's settlement offers as "arbitrary" and "capricious," taxpayer also asserted that he had not previously settled his case because he was not afforded the same favorable terms of settlement offered to other investors. R. Status Report dated July 15, 1999. The Tax Court did not address this contention in its order making the show cause order absolute. Because taxpayer did not raise this issue on appeal, the issue is deemed waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (holding that failure to raise issue in opening brief waives the issue).

life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case"). However, a hearing is not necessarily required in order to satisfy due process. *See Cafeteria & Restaurant Workers, Local 473 v. McElroy*, 367 U.S. 886, 894-95 (1961). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314 (citations omitted).

Here, taxpayer had notice of the court's intent to decide his case pursuant to *Krause*, and an opportunity to object to this disposition with enough specificity to convince the court that his case may be distinguishable. *Krause* was decided in 1992, and affirmed by this court in 1994. The Tax Court's order to show cause was not issued until May 1999. [2] Taxpayer, therefore, had ample time and opportunity to do the discovery he perceived necessary in order to support his contention that his case was distinguishable from *Krause.* This he failed to do.

---

[2] The record on appeal is unclear as to why this case languished in Tax Court from August 1988 until the decision was entered in September 1999. The Tax Court docket sheet indicates that an earlier order to show cause was issued in July 1992, amended in August 1992, and discharged in November 1992. The docket does not indicate further activity until the second order to show cause was issued in May 1999.

Given these circumstances, we conclude that the Tax Court disposition of taxpayer's petition without a hearing did not violate due process. *See, e.g*., *Knighten v. Commissioner*, 702 F.2d 59, 61 (5th Cir. 1983) (holding if petitioner fails to assert any factual dispute and all his legal arguments are clearly meritless, "there is simply no point in having [a hearing]. The Constitution does not require such futile exercises."). The petition for review is GRANTED, and the decision of the Tax Court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge