130 T.C. No. 15

UNITED STATES TAX COURT

STEVEN G. AND ELAINE R. STROUBE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12628-07L.                Filed June 19, 2008.

Respondent moves for summary judgment on a procedural issue as to whether petitioners' allegation that a fraud on this Court occurred during the trial of a tax shelter tax deficiency test case may be raised in this collection case under sec. 6320, I.R.C. Petitioners filed a cross-motion for partial summary judgment on this same procedural issue.

<u>Held</u>: The typical and proper method to raise an allegation that a fraud on this Court occurred during the trial of a tax deficiency case is by filing a motion to vacate the decision entered in the specific tax deficiency case in which the alleged fraud occurred. Rule 162, Tax Court Rules of Practice and Procedure.

<u>Held</u>, <u>further</u>, if other tax deficiency cases (or TEFRA partnership cases) have been filed that are related to and controlled by a test case in which a fraud allegedly occurred, there also may be situations in which the alleged fraud may be raised by filing a motion under Rule 162, Tax Court Rules of Practice and

Procedure, to vacate decisions entered in one or more
of the related tax deficiency (or TEFRA partnership)
cases.

Held, further, in this collection case under sec.
6320, I.R.C., however, petitioners may not raise an
issue of whether a fraud on the Court occurred in an
income tax deficiency case.

Declan J. O'Donnell, for petitioners.

Randall L. Preheim, for respondent.

OPINION

SWIFT, Judge:  This matter is before us in this collection
case under section 6320 on respondent's motion for summary
judgment and on petitioners' cross-motion for partial summary
judgment.  On January 29, 2008, a hearing was held and arguments
were heard on the parties' cross-motions in Denver, Colorado.

All section references are to the Internal Revenue Code, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

Background

On their 1977 through 1985 individual Federal income tax
returns, petitioners claimed tax benefits relating to investments
in a tax shelter partnership named Dillon Oil Technology Partners
(Dillon Oil).  Dillon Oil was one of many related tax shelter
partnerships that in the 1970s and early 1980s invested in so-
called enhanced oil recovery technology, interests in which were

sold to individual taxpayers.  The generic name used to describe these particular tax shelter partnerships was Elektra Hemisphere.

In audits of returns of individual investors, including petitioners, and of the related Elektra Hemisphere non-TEFRA and TEFRA partnerships, respondent disallowed claimed flow-through loss deductions relating to Dillon Oil and to the other Elektra Hemisphere partnerships.  Relating to respondent's disallowance of petitioners' claimed Dillon Oil loss deductions, respondent determined Federal income tax deficiencies against petitioners in the cumulative total amount of $421,170 for 1977, 1978, 1980, 1981, 1984, and 1985.

In Freedman v. Commissioner, docket No. 2471-89, petitioners[1] filed petitions in this Court challenging the above tax deficiencies for 1977, 1978, 1980, and 1981.

In Vulcan Oil Tech. Partners v. Commissioner, 110 T.C. 153 (1998), affd. without published opinions sub nom. Tucek v. Commissioner, 198 F.3d 259 (10th Cir. 1999), and Drake Oil Tech. Partners v. Commissioner, 211 F.3d 1277 (10th Cir. 2000), petitions also were filed in this Court challenging the above TEFRA partnership income tax adjustments respondent had determined against petitioners and others relating to their investments in Dillon Oil for 1984 and 1985.

---

[1]  Petitioners are two of the four individuals who joined in the petition in Freedman v. Commissioner, docket No. 2471-89.

Both the above tax deficiency cases were part of the Elektra Hemisphere tax shelter project that was litigated in the test case of <u>Krause v. Commissioner</u>, 99 T.C. 132 (1992), affd. sub nom. <u>Hildebrand v. Commissioner</u>, 28 F.3d 1024 (10th Cir. 1994). See also <u>Vulcan Oil Tech. Partners v. Commissioner</u>, <u>supra</u>; <u>Acierno v. Commissioner</u>, T.C. Memo. 1997-441, affd. without published opinion 185 F.3d 861 (3d Cir. 1999); <u>Karlsson v. Commissioner</u>, T.C. Memo. 1997-432; <u>Vanderschraaf v. Commissioner</u>, T.C. Memo. 1997-306, affd. without published opinion 211 F.3d 1276 (9th Cir. 2000), affd. without published opinion sub nom. <u>Estate of Lawrenz v. Commissioner</u>, 238 F.3d 429 (9th Cir. 2000). In these cases, respondent's disallowance of the tax losses claimed by individual taxpayers and by partnerships relating to investments in Elektra Hemisphere tax shelters were sustained.

More specifically as it relates to petitioners, in <u>Acierno v. Commissioner</u>, <u>supra</u>, we held that the Dillon Oil tax shelter in which petitioners invested was similar to the tax shelters that were involved in <u>Krause</u> and that the investors in Dillon Oil, including petitioners, were bound by the final adverse Opinion in <u>Krause</u>.

Louis Coppage (Coppage) was a general partner of the Denver-based partnerships, including Dillon Oil, and he was a witness in <u>Krause</u>.

On September 27, 1999, we entered a decision in <u>Freedman v. Commissioner</u>, <u>supra</u>. On June 13, 2002, we entered an order of dismissal and decision in <u>Vulcan Oil Tech. Partners v. Commissioner</u>, <u>supra</u>.

On the basis of and consistent with the disallowed loss deductions in the above opinions and decisions, respondent timely assessed the above income tax deficiencies against petitioners.

On October 27, 2005, respondent filed a Federal tax lien relating to the above outstanding Federal income tax deficiencies that had been assessed against petitioners. On November 3, 2005, respondent mailed to petitioners a notice of their right to an Appeals Office collection hearing under section 6320 relating to the filed Federal tax lien.

On November 17, 2005, petitioners mailed to respondent a request for a collection due process hearing relating to the above filed Federal tax lien. On October 12, 2006, under section 6320 respondent's Appeals officer conducted by telephone with petitioners' counsel an Appeals Office collection hearing.

During the collection hearing with respondent's Appeals Office, petitioners did not propose any collection alternatives such as an offer-in-compromise or an installment agreement. Rather, petitioners requested abatements of all outstanding Federal income taxes respondent had assessed against them and refunds of all Federal income taxes they had paid relating to

their investments in Dillon Oil.  The sole stated basis for petitioners' requested refunds and abatements was set forth in a letter from petitioners' counsel alleging that a fraud on the Court had occurred during the trial of <u>Krause v. Commissioner</u>, <u>supra</u>.  In particular, petitioners' counsel alleged that, as part of a "secret deal" to obtain Coppage's testimony in the <u>Krause</u> test case, respondent had promised to Coppage an abatement of all tax deficiencies determined against Coppage relating to his investments in Elektra Hemisphere tax shelters.

On May 1, 2007, respondent's Appeals Office mailed to petitioners its notice of determination in which it was concluded that an allegation of fraud occurring in the trial of a tax deficiency case should be raised in the tax deficiency case itself, not in a collection case under section 6320; and respondent's Appeals Office sustained the filing of respondent's Federal tax lien.

On June 4, 2007, petitioners filed their petition under section 6320.  On January 29, 2008, we held a hearing concerning the parties' cross-motions.

Discussion

Respondent moves for summary judgment on the procedural issue as to whether petitioners' allegation that a fraud on this Court occurred during the trial of a tax deficiency test case may be raised in this collection case under section 6320.  Respondent

believes that a negative answer to this procedural issue is called for as a matter of law, and petitioners raise no other issue.

On this same procedural issue, petitioners move for partial summary judgment seeking an affirmative answer. If petitioners prevail on this procedural issue, petitioners ask for an evidentiary hearing with regard to their allegation that a fraud on the Court occurred during the trial of the Krause test case.

Generally, the proper method to raise and resolve an allegation that a fraud on this Court occurred in a tax deficiency case would be to file a motion to vacate the decision entered in the specific tax deficiency case in which the fraud allegedly occurred. Rule 162.

Petitioners' allegation that a fraud on the Court occurred in the trial of Krause v. Commissioner, 99 T.C. 132 (1992) (assuming a reasonable and good faith basis therefor exists), should have been raised therein or in one of the other tax deficiency cases that were filed in this Court which related to the Krause test case, which were controlled thereby, and in which decisions have been entered on the basis of the Krause final Opinion.

In Freedman v. Commissioner, docket No. 2471-89, and in Vulcan Oil Tech. Partners v. Commissioner, 110 T.C. 153 (1998), petitioners had vehicles to raise an allegation of fraud on the

Court relating to the Federal income tax deficiencies which respondent determined against them and which the Court sustained. Because petitioners disputed in the above cases their Federal income tax liabilities and failed to make any attempt to vacate the decisions in those cases on the basis of an alleged fraud on the Court, by statute respondent's Appeals Office and this Court are expressly precluded from considering in this collection case any issue challenging the existence or the amount of petitioners' related underlying tax liabilities. Secs. 6320(c), 6330(c)(2)(B);[2] Goza v. Commissioner, 114 T.C. 176, 180-181 (2000); see also Dixon v. Commissioner, 316 F.3d 1041 (9th Cir. 2003), revg. on other grounds and remanding T.C. Memo. 1999-101; Estate of Campion v. Commissioner, 110 T.C. 165, 170 (1998), affd. without published opinions sub nom. Tucek v. Commissioner, 198 F.3d 259 (10th Cir. 1999), and Drake Oil Tech. Partners v. Commissioner, 211 F.3d 1277 (10th Cir. 2000).

We conclude that an alleged fraud on the Court occurring in an income tax deficiency test case should be raised in the test case or in another income tax deficiency case (or TEFRA

---

[2] Sec. 6330(c)(2)(B) provides as follows:

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

partnership case) relating thereto and may not be raised in a subsequent collection case under section 6320 or 6330 in which the taxpayer's Federal income tax liability is not in issue.

Under Rule 162, unless the Court shall otherwise permit, a motion to vacate must be filed within 30 days after a decision has been entered, and sections 7481(a)(1) and 7483 provide that a Tax Court decision becomes final 90 days after entry of a decision if no party files a notice of appeal.

We emphasize that in Dixon v. Commissioner, supra, neither a section 6320 nor a section 6330 collection case was involved, and Dixon provides no support for petitioners' cross-motion for partial summary judgment.

Petitioners have failed to raise any bona fide issue, collection alternative, or genuine issue of material fact. See Rule 121(b). Respondent's Appeals officer met the requirements of section 6330(c), and summary judgment in favor of respondent is appropriate.[3]

---

[3] We note that at the Jan. 29, 2008, hearing on the parties' instant cross-motions, the Court asked petitioners' counsel for a brief explanation of the factual basis for the allegation that a secret agreement between respondent and Coppage had been entered into during the trial of Krause v. Commissioner, 99 T.C. 132 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994). Petitioners' counsel offered merely supposition, surmise, and bizarre inference, and he provided absolutely no credible factual support for his allegation that a fraud on this Court occurred in the Krause trial.

For the reasons stated, we shall grant respondent's motion for summary judgment, and we shall deny petitioners' cross-motion for partial summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.