T.C. Memo. 2009-308

UNITED STATES TAX COURT

JAMES SCOTT SPARKMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9278-08L, 9279-08L.     Filed December 28, 2009.

James Scott Sparkman, pro se.

<u>Jonathan J. Ono</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  These consolidated cases involve respondent's
efforts to collect income taxes and section 6672[1] trust fund
recovery penalties through lien and levy.  Jurisdiction is based
upon section 6330(d).  Petitioner's sole argument is that he does

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code.

not owe the income tax liabilities.  As we will explain, this argument is not available to petitioner in this collection case, and we uphold respondent's determinations.

## Background

Petitioner was a resident of Hawaii when the petitions were filed.  Before trial, respondent filed motions to show cause why proposed facts in evidence should not be accepted as established in these two consolidated dockets.  After consideration of petitioner's reply to the motions, the facts proposed were accepted as established, and the exhibits attached to the motions were deemed admitted into evidence.  There is no other stipulation of facts, but petitioner testified at trial.

Respondent's collection efforts involve these liabilities:

| Tax Period | Type of Tax | Assessed Amount Due |
| --- | --- | --- |
| 1996 | Income | $51,962.71 |
| 1997 | Income | 54,210.54 |
| 1998 | Income | 32,753.04 |
| 1999 | Income | 117,933.12 |
| 2000 | Income | 44,470.51 |
| 200203 | Sec. 6672 | 298.64 |
| 200303 | Sec. 6672 | 4,753.35 |
| 200306 | Sec. 6672 | 2,933.75 |

On October 5, 2006, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL).  A notice of intent to levy was issued to petitioner

on August 12, 2006, in response to which he submitted a timely request for a collection due process (CDP) hearing.  Petitioner timely submitted his request for a CDP hearing to respondent in response to the NFTL.  Petitioner's request for a CDP hearing contained the following statements:

> Several months ago 7-14-2006 I requested a payment plan no response.  I never breached any prior payment plan. I have also requested a CDP hearing 4 times now.  More importantly I do not owe the tax assessed.  The case is in 9th Circuit Appeals.

> Your agent omitted evidence at trial.  Your agent fabricated evidence at trial.  I told your office not to file a lien several times yet IRS did anyway.  This has been noted and will be dealt with per code 7433.

Petitioner's delinquent income tax liabilities for years 1996 through 2000 arose from assessments that were made following the issuance of a statutory notice of deficiency to him on March 28, 2003.  Petitioner timely filed a petition with this Court in response to the notice of deficiency.  Sparkman v. Commissioner, docket No. 8400-03.  After a trial was conducted on June 22, 2004, the Court filed a Memorandum Findings of Fact and Opinion in docket No. 8400-03 on June 13, 2005.  Sparkman v. Commissioner, T.C. Memo. 2005-136.  A decision in docket No. 8400-03 was entered on December 15, 2005, finding that petitioner was liable for the following:

| Tax Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6662(a) |
| --- | --- | --- | --- |
| 1996 | $22,364 | $5,591.00 | $2,516.00 |
| 1997 | 23,665 | 5,916.25 | 2,753.20 |
| 1998 | 15,290 | 3,822.50 | 1,613.20 |
| 1999 | 61,028 | 9,154.20 | 10,704.80 |
| 2000 | 29,490 | --- | 3,460.60 |

Petitioner timely filed a notice of appeal in the case at docket No. 8400-03, and the case was appealed to the U.S. Court of Appeals for the Ninth Circuit. The Court of Appeals filed its opinion on December 10, 2007, and entered a judgment in that case on February 1, 2008, affirming the decision of this Court. Sparkman v. Commissioner, 509 F.3d 1149 (9th Cir. 2007). No petition for certiorari was timely filed in docket No. 8400-03.

Respondent assessed income tax deficiencies and additions to tax for the years 1996 through 2000 in May and June 2006, pursuant to the decision of the Court in docket No. 8400-03. The income tax liability for 2000 was assessed on July 3, 2006.

For the taxable quarterly periods ending March 31, 2002, March 31, 2003, and June 30, 2003, respondent determined that petitioner was liable for trust fund recovery penalties under section 6672 as a person required to collect, account for, and pay over withheld employment taxes for a business entity known as Mercury Solar. Respondent assessed the section 6672 penalties against petitioner on August 16, 2004. Before the assessment

respondent sent petitioner by certified mail a Letter 1153, Trust
Funds Recovery Penalty Letter, dated May 10, 2004, which provided
him with an opportunity to appeal or protest the proposed section
6672 penalties.  Petitioner received the Letter 1153 on May 12,
2004, but submitted no timely appeal or protest.  Forms 4340,
Certificate of Assessments, Payments, and Other Specified
Matters, were issued to petitioner with respect to the assessed
section 6672 penalties.

After considering petitioner's request for a CDP hearing, on
March 20, 2009, respondent's Appeals Office issued a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 (notice of determination).  The notice of
determination stated in part:

> We have discussed the taxpayer's appeal with him on
> several occasions.  In each of these discussions and in
> written correspondence, the taxpayer has steadfastly
> held to the position that he does not owe the
> individual income tax amounts assessed against him.
> Most recently, he states this position in a letter
> dated March 2, 2008.  He has also stated on a number of
> occasions that he feels that the proposed levy action
> is not legal since he had appealed the decision by the
> United States Tax Court to the Ninth Circuit Court of
> Appeals.
>
> We have advised the taxpayer that IRC § 6330(c)(2)(b)
> does not allow a taxpayer to challenge the existence or
> the amount of the liability if the taxpayer had a prior
> opportunity to dispute the liability.  We have noted
> that the taxpayer's assessments were made based on a
> decision by the United States Tax Court.  This clearly
> gave the taxpayer an opportunity to dispute the amount
> of the liability.  We also advised the taxpayer that he
> could have forestalled assessment and collection of the
> tax as determined by the Tax Court by filing an appeal

bond. Since he did not do so, assessment and subsequent proposed collection action was appropriate.

We also advised the taxpayer that based on documentation we received from the administrative case file relating to assertion of the Trust Fund Recovery Penalty, the postal records indicate he received Letter 1153 but he did not make a timely appeal of the proposed assertion of the Trust Fund Recovery Penalty. Accordingly, IRC § 6330(c)(2)(b) does not allow a taxpayer to challenge the existence or the amount of the liability when he had a prior opportunity to dispute the liability.

We have also given the taxpayer a reasonable period of time to discuss a collection alternative for payment of his accounts. Consideration of a collection alternative has been difficult since the taxpayer continues to take the position that the income tax assessed against him is not correct. He made it clear in his letter of March 2, 2008, that he expects Appeals will process his amended tax returns and allow the depreciation he claimed on his amended returns. He completely ignores the decisions by the courts. In fact, he states that the Ninth Circuit Court of Appeals merely "rubber stamped" the decision by the Tax Court.

However, even if the taxpayer acknowledged liability for the amounts assessed against him, we are unable to determine the taxpayer's ability to pay his delinquent accounts. The financial information provided by the taxpayer does not lead to a collection alternative. The taxpayer provided a <u>Collection Information Statement for Individuals</u>, Form 433-A dated May 30, 2007. The primary concern with the information on Form 433-A is that the taxpayer indicates he has living expenses of $10,500 but listed income of only $1,600 per month. Included in his living expenses are mortgage payments on two properties totaling $8,100 per month and a car payment of $850 per month. Since these payments cannot be made on income of $1,600 per month, we believe that we have an incomplete picture of the taxpayer's actual financial condition. Incomplete financial information does not enable us to determine an appropriate collection alternative.

     \*    \*    \*    \*    \*    \*    \*

> We have determined that the * * * [filing of the notice
> of Federal tax lien] was appropriate under the
> circumstances presented in this case.  We have given
> the taxpayer a reasonable period of time to discuss the
> issues he raised in his appeal.  The fact that the
> taxpayer has not * * * [presented any basis for
> withdrawing the lien] and has not provided complete
> financial information leaves us unable to determine an
> appropriate collection alternative.  We are left with
> no alternative to sustaining * * * [the filing of the
> notice of Federal tax lien] * * *.

A similar notice of determination was issued regarding respondent's attempt to levy.

In filing his petition for lien or levy action under section 6320(c) or 6330(d), petitioner continued to contest his assessed income tax deficiencies and alleged, in part:

> This was not justice but a legal stunt or at best an
> error which I sought to correct with a due process
> hearing.  The LIEN and LEVY are unjust and not correct
> they were obtained by illegal, negligent and fraudulent
> IRS collection maneuvering.  IRS Collection due process
> agent did not take a new objective view of the case.

## Discussion

Section 6320(a) requires the Secretary to notify the taxpayer in writing of the filing of an NFTL and of the taxpayer's right to an administrative hearing on the matter. Section 6330 provides a similar hearing opportunity before a proposed levy.  Section 6320(b) affords the taxpayer the right to a fair hearing with respect to an NFTL before an impartial hearing officer.  Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d), and (e).

At the hearing a taxpayer may raise any relevant issues, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and possible collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded, however, from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

On the basis of petitioner's request for a CDP hearing, the petition filed, and his position at trial, petitioner is attempting to contest his assessed income tax liabilities. As a statutory matter he is precluded under section 6330(c)(2)(B) from doing so in this proceeding since a notice of deficiency was issued to him. Furthermore, not only did petitioner receive a notice of deficiency for his delinquent income tax liabilities for the years 1996 through 2000; he also litigated the liabilities in this Court and appealed the adverse decision to the Court of Appeals for the Ninth Circuit, which affirmed this Court's holding. Petitioner's arguments regarding his income tax

liabilities are precluded in these collection cases.[2]  See

Stroube v. Commissioner, 130 T.C. 257 (2008).  Such a challenge

in these cases is also precluded by res judicata.

Following a hearing, the Appeals Officer must issue a notice

of determination regarding the validity of the filed Federal tax

lien or proposed levy.  If the taxpayer disagrees with the

Appeals Office's determination, the taxpayer may seek judicial

review by appealing to this Court.  Sec. 6330(d).  Where the

validity of the underlying tax liability is properly at issue,

the Court reviews the determination regarding the underlying tax

liability de novo.  Sego v. Commissioner, supra at 610; Goza v.

Commissioner, 114 T.C. 176, 181-182 (2000).  Where the validity

of the underlying tax liability is not properly at issue, the

Court reviews the determination of the Appeals Office for abuse

of discretion.  Sego v. Commissioner, supra at 610; Goza v.

Commissioner, supra at 182.

Section 6672(a) imposes a penalty (commonly known as a trust

fund recovery penalty) on any person required to collect,

truthfully account for, and pay over tax who willfully fails to

do so or who willfully attempts to evade or defeat any such tax.

At trial petitioner did not contest his section 6672 trust

fund recovery penalty assessments.  Nevertheless, he may not do

---

[2]Petitioner, in conjunction with these cases, also filed a
motion for leave to file a motion to vacate the decision in
docket No. 8400-03.  This motion was denied on Sept. 10, 2009.

so in any event because he previously received by certified mail from respondent a Letter 1153, which proposed the assessment of the subject penalties and provided him with an opportunity to appeal or protest said assessments.  For purposes of section 6330(c)(2)(B), petitioner has previously had an opportunity to dispute the underlying section 6672 penalties.  See Mason v. Commissioner, 132 T.C. ___, ___ (2009) (slip op. at 30).

In conclusion, respondent did not abuse his discretion regarding the proposed collection actions and may proceed by means of the NFTL and the proposed levy to collect petitioner's tax liabilities for the years in issue.

To reflect the foregoing,

Decisions will be entered for respondent.