**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-86

UNITED STATES TAX COURT

ALLAN L. BLANK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4244-13S L.                    Filed September 3, 2014.

Allan L. Blank, pro se.

Joseph E. Nagy, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed. Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on petitioner's request for judicial review of respondent's determination to sustain a notice of intent to levy to collect petitioner's 2005 Federal income tax liability. The sole issue for decision is whether respondent abused his discretion in determining that collection by levy may proceed.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and the accompanying exhibits by this reference. At the time the petition was filed, petitioner resided in California.

Petitioner failed to timely file an income tax return for tax year 2005. The Internal Revenue Service (IRS) issued a notice of deficiency to petitioner on October 20, 2008. Petitioner filed a timely petition. A decision was entered on December 23, 2010, holding that petitioner was liable for the 2005 tax liability as

determined in the notice of deficiency.[1]  The amount of the underlying liability as set forth in the decision previously entered is not in dispute in the present case.

On September 26, 2011, respondent mailed to petitioner a Final Notice of Intent to Levy and Right to a Hearing for unpaid income tax for the 2005 tax year. The notice of intent to levy reflected a tax liability of $19,905.81 for that tax year, which is the same liability, plus interest, that the Court determined in the decision entered December 23, 2010.

In response to the final notice of intent to levy petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  On the Form 12153 petitioner requested an offer-in-compromise (OIC) as a collection alternative.

On October 27, 2011, respondent's Fresno Service Center sent petitioner a letter acknowledging receipt of his Form 12153, indicating that respondent had no record of receiving returns from him for tax years 2007, 2008, 2009, and 2010 and requesting that he complete a Form 656, Offer in Compromise.  On January 5, 2012, Settlement Officer Stella B. Pena (SO Pena) sent petitioner a letter scheduling a telephone conference for February 9, 2012.  In the letter SO Pena

---

[1]The decision was based upon oral findings of fact and opinion filed in the matter.  Blank v. Commissioner, T.C. Dkt. No. 31250-09S (Nov. 17, 2010) (bench opinion).

informed petitioner that he needed to file outstanding tax returns for 2006, 2007, 2008, 2009, and 2010 as well as submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, by January 26, 2012, before collection alternatives could be considered. On February 1, 2012, SO Pena received a letter from petitioner requesting that the hearing be rescheduled to February 23, 2012. On February 3, 2012, SO Pena received petitioner's Form 433-A without the requested supporting financial information. SO Pena also received petitioner's Forms 1040, U.S. Individual Income Tax Return, for tax years 2008 through 2010. On February 17, 2012, SO Pena received a Form 1040 for tax year 2007. The returns reflected that petitioner was due a refund for tax years 2007 and 2008 and had balances due for tax years 2009 and 2010.

On February 23, 2012, SO Pena conducted a telephone hearing with petitioner. As of that date, SO Pena had received petitioner's Forms 1040 for tax years 2007, 2008, 2009, and 2010, as well as petitioner's Form 433-A and OIC. Petitioner's OIC included only his 2005 tax liability.

On April 12, 2012, SO Pena called petitioner to inform him that he needed to include all balance due years on his OIC as well as file a timely tax return and pay any balance due for tax year 2011. SO Pena also told petitioner that his OIC would be forwarded to the Centralized Offer in Compromise (COIC) Unit, along

with his financial statement, and that petitioner needed to respond timely to requests for supporting documentation. SO Pena confirmed this by letter dated April 24, 2012. On May 22, 2012, respondent received petitioner's Form 1040 for tax year 2006, which reflected that petitioner was due a refund.

On July 24, 2012, respondent's COIC unit mailed petitioner a letter stating that the COIC unit had made a preliminary decision to reject his OIC because of his ability to pay the liability in full. Petitioner asserts that he never received this letter. SO Pena sent a letter to petitioner on October 4, 2012, rejecting his OIC and scheduling a telephone conference for October 26, 2012, to give him an opportunity to discuss alternatives to the collection action.

In response to the October 4, 2012, letter, petitioner telephoned SO Pena on October 9, 2012, asserting that he had not received the July 24, 2012, letter. During this conversation SO Pena agreed to resend a copy of the July 24 letter as well as consider any amended offer submitted by petitioner before the October 26, 2012, telephone conference. Petitioner advised SO Pena that he would amend his OIC to include the 2010 tax year and would include a copy of his 2011 tax return with the amended offer before the conference date. On October 23, 2012, SO Pena received petitioner's Form 1040 for tax year 2011, which showed a balance due.

During the October 26, 2012, telephone conference petitioner raised concerns about an anticipated decrease in wages starting in January 2013. At the time of the telephone conference petitioner had mailed his amended OIC, but SO Pena had not yet received it. Petitioner agreed to provide current pay statements to substantiate his income by November 8, 2012. On November 13, 2012, SO Pena received the amended offer from petitioner, which included tax years 2005, 2010, and 2011. Petitioner also attached a pay statement for the pay period ending October 30, 2012, but did not include any documentation of his anticipated decrease in wages. The offer amount for the amended OIC remained the same as the initial OIC preliminarily rejected on July 24, 2012. The October 30, 2012, pay statement reflected annual income of $37,073, which was the same amount considered by respondent's COIC unit in making its preliminary determination to reject petitioner's original OIC.

Respondent's Case Activity Record Print reflects that SO Pena called petitioner on December 14, 2012, and left a message informing him that she could not accept the OIC and that he should call back by December 19, 2012, or she would issue the notice of determination. Petitioner asserts that he did not receive a telephone call on December 14, 2012, and that he did not receive the message.

Petitioner did not return SO Pena's December 14, 2012, call, and respondent issued a notice of determination for the 2005 tax year on January 17, 2013.

## Discussion

We have jurisdiction under section 6330(d)(1) to review respondent's determination that the notice of intent to levy was proper and that respondent may proceed to collect by levy.[2]  In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The Court reviews any other administrative determination regarding proposed collection actions for abuse of discretion.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.  An abuse of discretion occurs when the exercise of discretion is without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  The taxpayer has the burden of proving

---

[2]The Pension Protection Act of 2006, Pub. L. No. 109-280, sec. 855, 120 Stat. at 1019, amended sec. 6330(d) and granted this Court jurisdiction over all sec. 6330 determinations made after October 16, 2006.  Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).

that the Commissioner's determination to sustain a proposed collection action is an abuse of discretion.  Rule 142(a).

At the collection hearing a taxpayer may raise any relevant issues relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A).  In addition, he may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B).

Petitioner does not dispute the underlying tax liability[3] but instead asserts he was not provided an opportunity to amend his OIC after respondent rejected it. We therefore review respondent's determination for abuse of discretion.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Goza v. Commissioner, 114 T.C. at 182.

A CDP hearing may consist of one or more written or oral communications between an Appeals officer and the taxpayer.  Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see Katz v. Commissioner, 115 T.C. 329, 337 (2000);

_____

[3]Nor could petitioner dispute the underlying tax liability, since he not only received a notice of deficiency but also timely filed a petition, and a decision was entered by this court.  See sec. 6330(c)(2)(B); Sparkman v. Commissioner, T.C. Memo. 2009-308 (citing Stroube v. Commissioner, 130 T.C. 257 (2008)).

Dinino v. Commissioner, T.C. Memo. 2009-284. The SO has discretion to determine when to conclude the CDP hearing process. See Dinino v. Commissioner, T.C. Memo. 2009-284. The statute requires only that a taxpayer be given a reasonable chance to be heard before the issuance of a notice of determination. Roman v. Commissioner, T.C. Memo. 2004-20. When a hearing officer is unable or refuses to consider collection alternatives because of a taxpayer's failure to provide financial information, we have held that there was no abuse of discretion. McLaine v. Commissioner, 138 T.C. 228, 243 (2012).

The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense. Sec. 7122(a); Murphy v. Commissioner, 125 T.C. at 308. Section 7122(d) provides that the Secretary "shall prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an offer-in-compromise is adequate and should be accepted to resolve a dispute." Taxpayers who wish to propose an OIC must submit a Form 656. See Godwin v. Commissioner, T.C. Memo. 2003-289, aff'd, 132 Fed. Appx. 785 (11th Cir. 2005). The regulations issued pursuant to section 7122(d) set forth three grounds for an

OIC: (1) doubt as to collectibility, (2) doubt as to liability, and (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs. Petitioner submitted his OIC asserting doubt as to collectibility.

Doubt as to collectibility exists in any case in which the taxpayer's assets and income are less than the full amount of the liability. Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. A determination of doubt as to collectibility includes a determination of the taxpayer's ability to pay the liability, taking into account the taxpayer's basic living expenses. Sec. 301.7122-1(c)(2), Proced. & Admin. Regs. An OIC based on doubt as to collectibility generally is acceptable only if the offer reflects the taxpayer's reasonable collection potential, i.e., the amount the Commissioner could collect through administrative and judicial collection proceedings. Murphy v. Commissioner, 125 T.C. at 309 (citing Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517). Thus an OIC would include disclosure of the taxpayer's assets and income in order for the IRS to determine the taxpayer's reasonable collection potential. Rev. Proc. 2003-71, sec. 4.03, 2003-2 C.B. at 518.

On the basis of the OIC that petitioner submitted on February 23, 2012, respondent determined that petitioner had the ability to pay his entire liability in full within the given statutory period of limitations on collection. After the preliminary rejection of his original OIC, petitioner submitted an amended OIC to

respondent and was supposed to provide verification of his income and his anticipated reduction of income by November 8, 2012. Petitioner's amended offer included additional liabilities for the 2010 and 2011 tax years, but the amount of the offer remained the same. Petitioner failed to provide the requested verification of his anticipated reduction in income and substantiation that his income was lower than the amount determined by respondent's collection unit. On January 17, 2013, petitioner still had not provided substantiation of his anticipated change in financial circumstances, and he had not spoken with SO Pena since October 26, 2012, when he was advised to submit additional information to support the offer. Thus, SO Pena issued the notice of determination sustaining the 2005 collection action.

Petitioner did not provide the requested financial information showing a change in financial circumstances[4] and showing an inability to pay the liability within the statutory period of limitations on collection. Therefore, the SO did not

---

[4]Although petitioner asserted during the CDP hearing that he anticipated a decrease in his wages, he did not assert, nor does the record reflect, that his financial circumstances materially changed between the conclusion of the CDP hearing and the trial. Therefore, the circumstances are not an appropriate basis for remand of the case to the Appeals Office. See also Trainor v. Commissioner, T.C. Memo. 2013-14; cf. Churchill v. Commissioner, T.C. Memo. 2011-182.

abuse her discretion when she sustained the levy.[5] <u>McLaine v. Commissioner</u>, 138 T.C. at 243.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5]Our finding that respondent did not abuse his discretion in rejecting petitioner's request for an OIC does not preclude petitioner from pursuing collection alternatives with the IRS. <u>See</u> secs. 6159, 7122.